**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BRUCE INGRAHAM; HOLLY INGRAHAM,

                             Plaintiffs,

    v.
                                                          1:20-CV-1189

SAINT MARY'S HOSPITAL;                                     (MAD/CFH)
DR. CHRISTOPHER MIEREK,

                             Defendants.

---

**APPEARANCES:**

Bruce & Holly Ingraham

2455 Rt. 8

Apt. 2

P.O. Box 861

Lake Pleasant, New York 12108

Plaintiffs pro se

**CHRISTIAN F. HUMMEL**

**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis

    Plaintiffs pro se Bruce Ingraham and Holly Ingraham ("Plaintiffs") purported to commence this action against Saint Mary's Hospital and Dr. Christopher Mierek ("Defendants") on September 24, 2020, by filing a complaint. Dkt No. 1. In lieu of paying this Court's filing fee, Plaintiffs each filed Motions to Proceed in Forma Pauperis

("IFP"). Dkt. Nos. 8, 10. After reviewing Plaintiffs' IFP applications, Dkt. Nos. 8, 10, the undersigned determines that Plaintiffs qualify to proceed IFP for purposes of filing.[1]

## II. Initial Review

### A. Legal Standard

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine whether a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevisions Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). However, this does not mean that the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly. 550 U.S. 544, 556 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

---

[1] Plaintiffs are advised that, despite being granted IFP status, they will still be required to pay any fees and costs they may incur in this action, including but not limited to copying fees, transcript fees, and witness fees.

2

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d)(1).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

A complaint that fails to comply with the pleading requirements "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

### A. Plaintiff's Complaint[2]

Plaintiffs seek recovery for "failure to treat by denying xrays [sic]," "indement [sic] enjerment [sic] of paralyze" and "pain and suffering." Dkt. No. 1 at 4-5. It appears that Plaintiffs are attempting to set forth a claim for medical malpractice. Id. at 4-5. Plaintiffs

---

[2] **The Court notes that Plaintiffs have commenced several actions in this District, many of which have been dismissed. See Ingraham v. Red Carpet Housing Corp., 1:17-CV-1076 (GLS/CFH) (dismissed Dec. 21, 2017); Ingraham v. Cumo et al., 1:20-CV-147 (TJM/CFH) (dismissed Aug. 31, 2020); Ingraham v. Mayfield State Troppers et al., 1:20-CV-1186 (GLS/TWD) (dismissed Jan. 25, 2021); Ingraham v. Palentine Motel, 1:20-CV-1187 (GLS/ML) (pending); 20-CV-1187 (pending); Ingraham v. Casey, 1:20-CV-1188 (BKS/CFH) (pending).**

4

support this claim by detailing Ms. Ingraham's treatment for a neck injury. Id. at 1-5. On September 12, 2020, Plaintiffs went to the emergency room at St. Mary's Hospital in Amsterdam, New York. Id. at 1. The hospital allegedly refused to contact Dr. Shoan, a surgeon who had performed surgery on Ms. Ingraham. Id. Plaintiffs allege that an unidentified doctor refused to perform an X-ray on Ms. Ingraham. Id. Plaintiffs then went to Albany Medical Center "for a second opinion" on Ms. Ingraham's neck, as St. Mary's Hospital had diagnosed her with a "cervical neck sprain." Id. at 2. Plaintiffs allege that Ms. Ingraham waited "3 to 4 hours" at Albany Medical Center before being seen, despite being "in a lot of pain." Id. Plaintiffs claim that Ms. Ingraham thereafter received an X-ray which showed that "the plate in [Ms. Ingraham's] cervical neck [wa]s broken." Id. at 3. Finally, Plaintiffs allege that Ms. Ingraham's "insurance would not fill" her prescriptions from St. Mary's Hospital, and these prescriptions "had to be canceled because anything from Saint Marys [sic] was rejected," whereas her prescriptions from Albany Medical Center could be filled. Id. at 3-4.

Plaintiffs also contend that either St. Mary's Hospital or Albany Medical Center "is contracted with the State Police in NY." Dkt. No. 1 at 4.[3] They claim that such a "contract" is improper, as it creates an "affalation [sic] within this [sic] two entys [sic]. Dkt. No. 1 at 3-4. Finally, in their "Prayer for Relief," Plaintiffs ask that the Court revoke Defendant Mierek's license to practice medicine, and that Plaintiffs be awarded $240,000,000 in unspecified damages. Id. at 5.

**B. Analysis**

---

[3] It is not clear whether Plaintiffs are referring to St. Mary's Hospital or Albany Medical Center with this contention.

5

First, Plaintiffs' complaint fails to satisfy Rule 10.  FED. R. CIV. P. 10.  Their claims are listed in one long paragraph, and it is unclear which factual allegations are intended to support each of Plaintiffs' claims.  See Dkt. No. 1 at 1-4.  Even applying special solicitude, Plaintiffs' claims are not presented in a way that "promote[s] clarity."  FED. R. CIV. P. 10(b).  Second, even liberally construed, Plaintiffs' complaint fails to comply with Rule 8, as well as the pleading requirements set out by the Supreme Court.  See 28 U.S.C. § 1915(e)(2)(B); Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556.  Rule 8 requires that a plaintiff establish "the grounds for the court's jurisdiction," and Plaintiffs fail to establish that this Court has jurisdiction over their apparent medical malpractice claim, or any of the other allegations listed in their complaint.  FED. R. CIV. P. 8(a)(1).

To establish this Court's jurisdiction, a plaintiff must show that the claims arise from a federal question, as set out in 28 U.S.C. § 1331, or that the requirements for diversity jurisdiction, as set out in 28 U.S.C. § 1332, are met.  See 28 U.S.C. § 1331; 28 U.S.C. § 1332(a).  To establish federal question jurisdiction, the claims must "arise[] under the Constitution [or] laws . . . of the United States."  28 U.S.C. § 1331.  Plaintiffs do not establish that any of their claims arise under a Constitutional provision or federal statute, as they seem to be alleging only medical malpractice, a state law claim.  See Dkt. No. 1 at 1-2.  As such, they fail to demonstrate that this Court has federal question jurisdiction.  28 U.S.C. § 1331.

To establish diversity jurisdiction, a plaintiff must show that there is complete diversity among the parties.  28 U.S.C. § 1332(a); E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 930 (2d Cir. 1998).  Plaintiffs do not set forth Dr. Mierik's domicile.  See Dkt. No. 1 at 1.  However, Plaintiffs provide that St. Mary's Hospital is in

"Amsterdam NY," and make clear that they are domiciled in Lake Pleasant, New York. Id. at 1. As St. Mary's Hospital is in New York and Plaintiffs are domiciled in New York, there is not complete diversity of the parties as all defendants are not "citizens of different states" than Plaintiffs. 28 U.S.C. § 1332 (a)(1). Plaintiffs cannot establish this Court's jurisdiction through 28 U.S.C. § 1332(a) because "[f]or a district court to have diversity jurisdiction . . . no plaintiff [can be] a citizen of the same state as any defendant." Lehmann v. Discovery Commc'ns, Inc., 217 F. Supp. 2d 342, 347 (E.D.N.Y. 2002). In sum, Plaintiffs fail to establish this Court's jurisdiction, and the requirements of Rule 8(a)(1).[4]

Generally, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991). However, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause[] of action is substantive" and cannot be cured because the plaintiff "is unable to allege any fact sufficient to support [his] claim." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991).

Here, the undersigned recommends that the complaint be dismissed with prejudice and without opportunity to amend. Plaintiffs fail to establish federal question jurisdiction, and cannot show complete diversity between themselves and all defendants

---

[4] Even if Plaintiffs could plead prima facie state law claims, the undersigned would recommend that this Court decline to exercise supplemental jurisdiction to review these state law claims as they have failed to present any question of federal law. See Smith v. Da Ross, 777 F. Supp 2d 340, 366 (D. Conn. 2011) (citing 28 U.S.C. § 1367(c)(3); Kolari v. New York-Presbyterian Hosp., 445 F.3d 118, 122 (2d Cir. 2006) (internal citation omitted) ("Supplemental or pendent jurisdiction is a matter of discretion, not of right. A court may decline to exercise supplemental jurisdiction when the court has dismissed all claims over which it has original jurisdiction.").

7

in order to establish diversity jurisdiction. Because Plaintiffs cannot establish this Court's jurisdiction, it is recommended that the complaint be dismissed with prejudice and without opportunity to amend as any amendment would be futile.

## I. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that Plaintiffs' motions to proceed IFP (Dkt. Nos. 8, 10) be **GRANTED for the purposes of this filing only**; and it is

**RECOMMENDED**, that Plaintiffs' complaint (Dkt. No. 1) be **dismissed with prejudice and without opportunity to amend**, and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on Plaintiffs in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiffs have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[5]

Dated: May 13, 2021

---

[5] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).

Albany, New York

Christian F. Hummel
U.S. Magistrate Judge