UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRUCE INGRAHAM; HOLLY INGRAHAM,

                               Plaintiffs,

  vs.                                                                    1:20-CV-1189
                                                                                 (MAD/CFH)

SAINT MARY'S HOSPITAL;
DR. CHRISTOPHER MIEREK,

                               Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

BRUCE & HOLLY INGRAHAM
2455 Rt. 8
Apt. 2
P.O. Box 861
Lake Pleasant, New York 12108
Plaintiffs *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiffs Bruce Ingraham and Holly Ingraham ("Plaintiffs") purported to commence this action against Saint Mary's Hospital and Dr. Christopher Mierek ("Defendants") on September 24, 2020, by filing a complaint. *See* Dkt. No. 1. Thereafter, each Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 8, 10. In a Report-Recommendation and Order dated May 13, 2021, Magistrate Judge Hummel conducted an initial review of the complaint and IFP applications, wherein Magistrate Judge Hummel found Plaintiffs financially eligible for IFP status and granted their motions to proceed IFP. *See* Dkt. No. 11 at 8. As to the complaint, Magistrate Judge Hummel recommended that this action be dismissed with prejudice and without opportunity to amend. *See id*. Plaintiffs did not object to the report.

Plaintiffs appear to be setting forth a claim for medical malpractice concerning Ms. Ingraham's treatment for a neck injury. *See* Dkt. No. 1 at 1-5. Their complaint states three causes of action against Defendants for "failure to treat by denying xrays [sic]," "indement [sic] enjerment [sic] of paralyze" and "pain and suffering." *Id.* at 4-5. Plaintiffs request that the Court revoke Defendant Mierek's medical license and that they be awarded $240,000,000 in unspecified damages. *See id.* at 5.

On September 12, 2020, Plaintiffs visited the emergency room at Saint Mary's Hospital in Amsterdam, New York. *See id.* at 1. Plaintiffs allege that the hospital refused to contact Dr. Shoan, the surgeon who had performed surgery on Ms. Ingraham, and that an unidentified doctor refused to perform an X-ray on Ms. Ingraham. *See id.* After Saint Mary's Hospital diagnosed Ms. Ingraham with a "cervical neck sprain," Plaintiffs traveled to Albany Medical Center "for a second opinion," where Ms. Ingraham allegedly waited "3 to 4 hours," despite being "in a lot of pain." *Id.* Plaintiffs claim that Ms. Ingraham thereafter received an X-ray which showed that "the plate in [Ms. Ingraham's] cervical neck was broken." *Id.* at 3. Next, Plaintiffs allege that Ms. Ingraham's "insurance would not fill" her prescriptions from Saint Mary's Hospital, and that these prescriptions "had to be canceled because anything from Saint Marys [sic] was rejected," whereas her prescriptions from Albany Medical Center could be filled. *Id.* at 3-4. Finally, Plaintiffs contend that either Saint Mary's Hospital or Albany Medical Center "is contracted with the State Police in NY," and that such a contract is improper, as it creates an "affalation [sic] within this [sic] two entys [sic]." *Id.*

After conducting an initial review of the complaint, Magistrate Judge Hummel found that Plaintiffs' complaint fails to satisfy Rules 8 and 10 of the Federal Rules of Civil Procedure, as well as the pleading requirements set out by the Supreme Court. *See* Dkt. No. 11 at 6. Chiefly,

Magistrate Judge Hummel found that Plaintiffs fail to establish that this Court has jurisdiction over the alleged medical malpractice claim, or any of the other allegations listed in their complaint. *See id.* Accordingly, Magistrate Judge Hummel recommended that this action be dismissed with prejudice and without opportunity to amend. *See id.* at 8.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) . . . the court shall dismiss the case at any time if the court determines that - . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, this does not mean that the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections

3

which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report-recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Federal Rule of Civil Procedure 8 deals with the requirements for properly stating a claim: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction … (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). The purpose of the Rule is "to give fair notice of the claim being asserted so as to permit the adverse

4

party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999). Further, Federal Rule of Civil Procedure 10 addresses the form of pleadings:

> **(b) Paragraphs; Separate Statements**. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Flores*, 189 F.R.D. at 55 (citation omitted).

A complaint that fails to comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, … to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal… is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citations omitted). In those cases in which the Court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995). An opportunity to amend, however, is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."

5

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). In other words, "allegations [that] are so vague as to fail to give the defendants adequate notice of the claims against them" are rightfully subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

Having carefully reviewed the May 13, 2021 Report-Recommendation and Order, Plaintiffs' submissions, and the applicable law, the Court finds that Magistrate Judge Hummel correctly determined that this action must be dismissed without opportunity to amend. First, Magistrate Judge Hummel correctly found that Plaintiffs' complaint fails to satisfy Rule 10. Fed. R. Civ. P. 10. Their claims are listed in one long paragraph, and it is unclear which factual allegations are intended to support each of Plaintiffs' claims. *See* Dkt. No. 1 at 1-4. Even applying special solicitude, Plaintiffs' claims are not presented in a way that "promote[s] clarity." Fed. R. Civ. P. 10.

Second, Magistrate Judge Hummel correctly found that, even liberally construed, Plaintiffs' complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure and the pleading requirements set out by the Supreme Court. *See* 28 U.S.C. § 1915(e)(2)(B); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. Rule 8 requires that a plaintiff establish "the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). To establish this Court's jurisdiction, a plaintiff must show that the claims arise from a federal question or meet the requirements for diversity jurisdiction. *See* 28 U.S.C. § 1331, 1332(a). To establish federal question jurisdiction, the claims must "arise[] under the Constitution [or] laws … of the United States." 28 U.S.C. § 1331. Plaintiffs do not plead any claims that arise under a Constitutional provision or federal statute, as they appear to be alleging medical malpractice, a state law claim. *See* Dkt. No. 1 at 1-2. Accordingly, Plaintiffs fail to demonstrate that this Court has federal question jurisdiction. 28 U.S.C. § 1331.

To establish diversity jurisdiction, a plaintiff must show that there is complete diversity among the parties. 28 U.S.C. § 1332(a); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998). Plaintiffs do not set forth Dr. Mierek's domicile. *See* Dkt. No. 1 at 1. However, Plaintiffs do provide that Saint Mary's Hospital is in Amsterdam, New York, and that Plaintiffs are domiciled in New York. *See id.* Moreover, a search of the New York State Department of State website confirms that St. Mary's Healthcare is a domestic not-for-profit corporation. For a district court to have diversity jurisdiction, there must be complete diversity of citizenship, such that no plaintiff is a citizen of the same state as any defendant. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990); *see also Herrick Co., Inc. v. SCS Communs., Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (finding it axiomatic that "diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships"). Because Saint Mary's Hospital is a domestic corporation and Plaintiffs are domiciled in New York, Magistrate Judge Hummel correctly found that Plaintiffs cannot show complete diversity between themselves and all defendants in order to establish diversity jurisdiction.

Third, Magistrate Judge Hummel correctly determined that opportunity to amend should be denied. Because lack of subject matter jurisdiction is a substantive defect, *Duel v. Dalton*, No. 1:11-CV-0637, 2012 WL 235523, *8 n.19 (N.D.N.Y. Jan. 25, 2012), better pleading would not cure the defect in Plaintiffs' complaint. *See Cuoco*, 222 F.3d at 112. Accordingly, dismissal without leave to amend is appropriate in this case.[1]

---

[1] Although the Court is not granting leave to amend, this dismissal is without prejudice because when a case is dismissed for lack of subject matter jurisdiction, "'Article III deprives federal courts of the power to dismiss [the] case with prejudice.'" *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) (quotation omitted).

Finally, the Court notes that Plaintiffs have waived any right to challenge the report on appeal by failing to object to the report within fourteen days. *See Cephas*, 328 F.3d at 107. In accordance with the requirement that *pro se* litigants be given notice of this rule, Plaintiffs received sufficient notice upon receipt of the report. *See* Dkt. No. 11 at 8.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's May 13, 2021 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that this action is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Plaintiffs in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 21, 2021
      Albany, New York

Mae A. D'Agostino
U.S. District Judge